**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

P.I.M.L., Inc., a Florida Corporation,                             04 CV 3041   (PJS/JJG)

        Plaintiff,

v.                                                                                      **ORDER FOR JUDGMENT**

Chain Link Graphix, LLC, Edwin W.
Davidson, Christopher J. Hilburn,
and John D. McKelvey,

        Defendants.

---

This matter was before the Court for jury trial on September 18, 2006. The jury by Phase I Special Verdict dated September 25, 2006 made the following findings of fact, which the Court hereby adopts:

    1.    Was Edwin W. Davidson a pre-incorporation promoter of a business to be called Fashion Links?

                YES

    2.    Was Christopher J. Hilburn a pre-incorporation promoter of a business to be called Fashion Links?

                YES

    3.    Was John D. McKelvey a pre-incorporation promoter of a business to be called Fashion Links?

                YES

    4.    Was Edwin W. Davidson engaged in a joint venture called Fashion Links?

                YES

    5.    Was Christopher J. Hilburn engaged in a joint venture called Fashion Links?

                YES

      6.      Was John D. McKelvey engaged in a joint venture called Fashion Links?

                          __YES__

      7.      Did any of the Defendants who were pre-incorporation promoters or Defendants who were engaged in the joint venture enter into a contract on behalf of Fashion Links with PIML?

                            __YES__

The Court did not require the jury to make a separate finding asking whether a contract was entered into between Chain Link Graphix, LLC and P.I.M.L., Inc. based on the jury's answer to question number 7. By answering question number 7 "yes", the jury found that the Defendants who were pre-incorporation promoters or Defendants who were engaged in the joint venture, entered into a contract on behalf of Fashion Links, LLC with P.I.M.L., Inc. Before the Phase I Special Verdict was submitted to the jury, the Court, without objection, set out this order of questioning—to first determine each individual's status as a promoter or joint venturer and then if that was established, whether any of them entered into a contract with the Plaintiff on behalf of Fashion Links, LLC.

The Court did not require the jury to make a separate finding asking whether Chain Link Graphix, LLC was liable under Minnesota Statute § 181.145 because of the jury's answer to question number 7. The amount of commissions due under Minnesota Statute § 181.145 is governed by the terms of the parties' contract. The jury found that the contract was between P.I.M.L., Inc. and the individual Defendants who were pre-incorporation promoters or engaged in the joint venture on behalf of Fashion Links, LLC. Thus, the terms of that contract governed the amount of commissions due under the statute and who was responsible for paying them, which was the promoters or joint venturers—namely Edwin W. Davidson, Christopher J. Hilburn, and John D. McKelvey.

The Court also did not require the jury to make a separate finding asking whether any named Defendant was liable under the alternative theory of Quantum Meruit because the jury found the existence of a contract between P.I.M.L., Inc. and the pre-incorporation promoters or joint venturers on behalf of Fashion Links.

Based on the jury's answer to question number 7, the Court submitted a Phase II Special Verdict to the jury. The jury by Phase II Special Verdict dated September 26, 2006 made the following findings of fact, which the Court hereby adopts:

9. Was the contract entered into with PIML on behalf of Fashion Links breached by nonpayment of all commissions due on the Target Account?

    _____YES_____

10. What commissions, if any, for goods shipped to and accepted by Target were not paid to PIML?

    $___29,000.00___

11. What unpaid commissions for goods delivered to and accepted by Target were due on the last day PIML worked for any of the promoters or joint venturers?

    $___29,000.00___

12. Was the contract entered into with PIML on behalf of Fashion Links breached by nonpayment of all commissions due on the Maurice's Account?

    _____YES_____

13. What commissions, if any, for sales made to Maurice's were not paid to PIML?

    $___170,415.95___

14. What unpaid commissions for goods delivered to and accepted by Maurice's were due on the last day PIML worked for any of the promoters or joint venturers?

    $___122,514.66___

The jury's verdict included specific findings that Plaintiff suffered breach of contract damages in the amount of $29,000.00 in commissions for sales to Target and $170,415.95 in commissions for sales to Maurice's. Thus, the total amount of damages for breach of contract is $199,415.95. The jury's verdict also included specific findings that Defendants failed to pay Plaintiff commissions due at the time of Plaintiff's resignation in the amount of $29,000.00 for commissions for sales to Target and $122,514.66 for commissions for sales to Maurice's. Therefore, a total statutory penalty due under Minnesota Statute § 181.145 Subdivision 3 is $151,514.66. Based on these findings, the total verdict amount is $350,930.61.

Plaintiff's request for a scheduling order pursuant to Local Rule 54.3 will be denied as premature.

Upon the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request for a scheduling order pursuant to Local Rule 54.3 is premature and is **DENIED**.

2. P.I.M.L., Inc.'s claims for Quantum Meruit against Edwin W. Davidson, Christopher J. Hilburn, and John D. McKelvey are **DISMISSED**.

3. P.I.M.L., Inc.'s claims for Breach of Contract, Quantum Meruit, and Violations of Minnesota Statute § 181.145 against Chain Link Graphix, LLC are **DISMISSED**.

4. The Clerk shall enter **JUDGMENT** as follows:

    **IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants Edwin W. Davidson, Christopher J. Hilburn, and John D. McKelvey are jointly and severally liable to the Plaintiff P.I.M.L., Inc. for the amount of $350,930.61.

Dated: October 12, 2006        S/ Donald D. Alsop
                               DONALD D. ALSOP, Senior Judge
                               United States District Court

- 4 -