# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

P.I.M.L., Inc., a Florida Corporation,	04 CV 3041  (PJS/JJG)

        Plaintiff,

v.	**<u>ORDER</u>**

Chain Link Graphix, LLC, Edwin W.
Davidson, Christopher J. Hilburn,
and John D. McKelvey,

        Defendants.

---

D. Clay Taylor, P.A. by D. CLAY TAYLOR, Esq. of Minneapolis, Minnesota, attorney for plaintiff.

Patterson, Thuente, Skaar & Christensen, P.A. by AARON W. DAVIS, Esq. of Minneapolis, Minnesota, attorney for Defendants Edwin W. Davidson and John D. McKelvey.

Andrea F. Rubenstein Law Office by ANDREA F. RUBENSTEIN, Esq. of Minneapolis, Minnesota, attorney for Defendants Chain Link Graphix, LLC and Christopher J. Hilburn.

---

      The matter before the Court is the Application of Plaintiff P.I.M.L., Inc. for an award of attorney's fees made pursuant to Minn. Stat. §§ 181.145 and 181.171. In support of the Application, Plaintiff has submitted a detailed description of legal services rendered, the particular provider of the services, the dates of the service, and the hours expended. Plaintiff's counsel also sets forth the hourly rate charged for his services and those of the paralegals in his office who performed services on the case. In total, the Plaintiff seeks fees in the sum of $100,533.40

      The Defendants do not contest the hourly rates charged by counsel for Plaintiff. In Response to the Application, the Defendants do assert the following:

    1.    The Court should defer ruling on Plaintiff's Application pending resolution of any appeal and final disposition of Plaintiff's claim.

2. Should the Court choose to rule at this time, it should deny the Application because the attorney's fees provision of the statute should not be applied where the identity of the salesperson's employer is at issue.

3. Any fees that the Court does award should be reduced to account for the fact that Plaintiff prevailed against only three of the six Defendants against whom the action was originally brought and only three of the four Defendants against whom the case went to trial.

In addition, the Defendants Chain Link Graphix, LLC and Christopher Hilburn object to three specific items in the fee application which they deem to be inappropriate or duplicative.

The Court deems it better practice to decide the issue of attorney's fees at the District Court level following trial rather than await the outcome of an appeal. That procedure seems particularly appropriate where, as here, the parties objecting to the award are doing so in part on the grounds that because of the nature of the claim, an award of attorney's fees is not justified under the statute upon which the Application is based. By ruling on the Application at this time, any appeal can resolve both the validity of the substantive claims and the issue of whether an award of attorney's fees is appropriate. The procedure suggested by Defendants could well result in multiple appeals to the appellate court which is routinely discouraged.

Defendants cite no authority for their position that under Minn. Stat. §§ 181.145 and 181.171 an award of attorney's fees is to be denied where the identity of the employer is at issue. The statutes themselves make no such exception. The Court is satisfied that an award of attorney's fees under the statutes is mandatory. The suggestion that they not be applied where the identity of the employer is contested will be rejected.

Finally, the Defendants urge that Plaintiff not be awarded the full amount of attorney's fees it seeks because it did not prevail against all Defendants. The docket entries in the case reveal that the action has had a circuitous history. Plaintiff filed the case against Fashion Links, LLC on June 23, 2004 (Docket No. 1). Following initial pretrial procedures, on December 9, 2004, the Court consolidated the case with an action brought by Plaintiff against Chain Link Graphix, Inc. and Chain Link Graphix, LLC (Docket No. 15). After seven months of discovery, Plaintiff moved to amend its complaint to include John McKelvey (McKelvey), Edwin Davidson (Davidson), and Chris Hilburn (Hilburn) as Defendants (Docket No. 32). The parties ultimately stipulated to the amendment on August 4, 2005 (Docket No. 41). Thereafter, separate motions for summary judgment were filed, one by Defendants Hilburn, Chain Link Graphix, Inc. and Chain Link Graphix, LLC and the other by Defendants John McKelvey, Edwin Davidson and Fashion Links, LLC (Docket Nos. 47 and 55). On March 23, 2006, the Court issued an Order dismissing all claims against Fashion Links, LLC and Chain Link Graphix, Inc. (Docket No. 71). The motions as to the remaining Defendants were denied. The case then proceeded to trial where the Plaintiff prevailed against the individual Defendants Hilburn, McKelvey and Davidson. Pursuant to the Court's Order of October 12, 2006 (Docket No. 142) Judgment dismissing the claim against Chain Link Graphix LLC was entered (Docket No. 144). From the foregoing procedural history, it is clear that the Plaintiff did not prevail against all of those named as Defendants at one time or another during the pendency of the case, or against all Defendants who ultimately went to trial.

Defendants argue that because a significant amount of Plaintiff's attorney's fees were incurred in litigating against parties who were dismissed or not ultimately found liable, any fee recovery must be reduced accordingly. Plaintiff insists that it is the significance of the overall relief obtained that is determinative. Plaintiff argues that it achieved its essential goal and hence is entitled

-3-

to a fee award without reduction. Defendants further assert that Plaintiff unnecessarily multiplied its legal undertakings using a shotgun approach in the hope of obtaining success against at least some responsible party. Plaintiff counters by asserting that it was doing what was required to "unravel the truth" about its true employer because of Defendants' efforts to obfuscate that issue. There perhaps is a grain of validity to both positions.

All parties agree that where a Plaintiff is not successful on all claims against all parties, the Court must be guided by the rule set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983) as follows:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the award of a reasonable fee. Where a lawsuit consists of related claim, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the result obtained.

Based upon its review of the entire file and its familiarity with the case as the presiding trial Judge, the Court concludes that a reduction of the fees as requested is in order by reason of the failure of the Plaintiff to achieve success against all parties against whom it had asserted a claim. The more difficult task is determining what would be an appropriate reduction. All parties acknowledge the impossibility of the task. Plaintiff suggests that "there is no why [sic] for the Court to mechanically parse out the fees devoted to prosecuting PIML's claims against Fashion Links, LLC and Chain Link Graphix, Inc." The Defendants likewise agree that "it may be difficult to determine an apportionment of fees between the defendants for the time between when the defendants ultimately found liable were added to the case and the summary judgment order dismissing the other defendants." Fortunately, the rule of apportionment does not require that the

Court undertake this monumental task.  "The district court may either attempt to identify and then eliminate the hours spent on non-compensable claims or may simply reduce the award to account for the plaintiff's limited success." *H.J., Inc. v. Flygt Corp.,* 925 F.2d 257, 260 (8th Cir. 1991).  The Court will accept the latter option.  The Court is mindful of both the success obtained by Plaintiff and the limited significance of Plaintiff's failure to prevail against all parties.  The Court has also taken into account the time, labor, and skill required, the limited contingent nature of the engagement, the skills of Plaintiff's counsel,  the results obtained, and fees in similar type cases.  Having considered all of these factors, the Court will reduce the amount claimed in the fee application by one-fifth.  The result is an award of attorney's fees to Plaintiff in the sum of $80,426.72.

Upon the foregoing,

**IT IS ORDERED** that Plaintiff's application for an award of attorney's fees pursuant to Minn. Stat. §§ 181.145 and 181.171 is **GRANTED** in part, and Plaintiff is awarded attorney's fees in the sum of $80,426.72 against the Defendants Edwin W. Davidson, John D. McKelvey, and Christopher J. Hilburn, jointly and severally.

The Clerk shall enter Judgment as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that Edwin W. Davidson, John D. McKelvey, and Christopher J. Hilburn are jointly and severally liable to P.I.M.L., Inc. in the sum of $80,426.72.

DATED: December 6, 2006

          S/ Donald D. Alsop  
          DONALD D. ALSOP, Senior Judge  
          United States District Court